Mr. Justice Clayton
delivered the opinion of the court.
The town of Port Gibson was incorporated in 1821, and its charter was subsequently amended by various acts of the legislature. In 1841, an act was passed repealing the incorporation of 1821, and all acts amending the same. In 1844, this act of 1841 was repealed, “ and the act for the incorporation of said town passed in 1821, and all other amendatory acts of the same were revived and declared to be in full force.” Sess. Acts 1844, p. 277. This suit was brought to recover a debt due from the town, at the time of the repeal of the charter in 1841. The liability of the town for this debt is, hence, the question to be determined.
The act of repeal, when accepted by the corporation, was a dissolution. It is now the settled doctrine upon common law principles, independent of any statute declaring a different rule, that, upon the dissolution of a corporation, the debts due to and from it are extinguished. This is conceded in argument. The only question, then, is, whether the act of 1844 is the revival of the old incorporation, with all its rights, duties and liabilities, or whether it is a new act of incorporation. *160 On this point, Judge Story said, “To ascertain whether a pharter create a new corporation, or merely continue the existence of an old one, we must look to its terms, and give them a construction consistent with the legislative intent and the intent of the corporators.” Bellows v. Hallowell Bank, 2 Mason, C. C. R. 43. In the case before us, there are no acts of the corporators to be looked to; the legislative intention, therefore, is all that we have to go by. With this rule of construction for our guide, we cannot hesitate to say that this act of 1844 was a new creation, a new act of incorporation, and not a mere continuation of the former charter. It is as truly the creation of a new corporation, as if a new act of incorporation had been passed, in the same words with the former act. The declaration that the former acts “ be and the same are hereby revived and declared to be in full force,” coupled with the farther declaration, that the act of 1844 “ shall take effect and be in force from and after its passage,” preclude the idea that it is to have a retrospective effect, so as to revive former liabilities of the old corporation. Whenever a charter or grant operates as a new creation, the new corporation cannot be subject to the liabilities, nor possess the rights of the old. 6 S. & M. 562. Indeed, by the English law, a municipal corporation which has been actually dissolved can never be revived. The seeming confusion in the books has grown out of a not very definite and accurate use of the word dissolution. When it is employed in its true sense, to signify extinction, the former corporation can never be revived; if it be used to signify suspension only, the grant to a new body operates as a revival of the former corporation. Willcock on Mun. Corp. 181, 186, Lib. Ed. We need not touch the question of legislative power to revive an extinct corporation, with all its former incidents and attributes, because a fair construction leads us to the conclusion that, in this instance, it was not intended to attempt any such exercise of power.
The court below charged the jury, “that the act of the legislature read to the jury by the plaintiff is an act of revival of the corporation, and that the revival of a corporation by legislative act is, if accepted by such corporation, a revival of all the lia *161 bilities of such corporation.” This instruction does not accord with the law, as we have stated it, and it is, in our apprehension, erroneous. The judgment is therefore reversed, and a new trial granted.